## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD SULLIVAN,                          :        CIVIL ACTION
                                          :
                    Plaintiff,            :        NO.  06-05535
                                          :
          v.                              :
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                    Defendant.            :

### MEMORANDUM

BUCKWALTER, S.J.                                     September 26, 2007

       Presently before the Court are Defendant's Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 56 (Docket No. 9), Plaintiff's Response in Opposition (Docket No.

10), Defendants' Reply (Docket No. 14), Plaintiff's Motion for Continuance Pursuant to Fed. R.

Civ. P. 56(f) (Docket No. 11), and Defendant's Response in Opposition (Docket No. 15).  For the

reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED,** and Plaintiff's

Motion for Continuance is **DENIED**.

## I.  BACKGROUND

       Plaintiff, Edward Sullivan, was a principal of Paoli Restaurant, Inc.  On October

15, 1999, Paoli Restaurant, Inc. filed for Chapter 7 bankruptcy.  (Pl.'s Br. in Opp'n to Def.'s

Mot. Summ. J. 1.)  The Internal Revenue Service ("I.R.S.") filed a Proof of Claim for

$111,775.35.  (Id.)  The bankruptcy court approved a Stipulated Order on February 23, 2000, in

which it was agreed that the I.R.S. would receive $105,775.35.  (Id.; Gov't Ex. B.)  Plaintiff

asserts that in making this agreement, the I.R.S. released Plaintiff from all of his personal tax liability associated with Paoli Restaurant, Inc.  (Compl. ¶ 3; Pl.'s Br. 1.)

In spite of this, the I.R.S. pursued unpaid employment taxes, known as a trust fund recovery penalty, that Plaintiff allegedly was liable for personally under 26 U.S.C. § 6672.  (Lee Decl. ¶ 3, Apr. 4, 2007.)  Defendant alleges that it sent a Notice of Proposed Trust Fund Recovery Assessment (Letter 1153), which Plaintiff received on December 11, 1999.  (Lee Decl. ¶ 5, May 9, 2007.)  Were this letter received, it would have provided Plaintiff statutory notice of the penalty and the opportunity to challenge its validity.  Plaintiff asserts that he never received this letter.  (Pl.'s Br. 5.)  The Government cannot now find the letter, and as a result neither the letter itself nor proof of receipt is part of the record.  (Decl. Darryl Lee dated May 9, 2007 ¶¶ 7-8.)  It is undisputed that Plaintiff did not timely respond to the letter.  Plaintiff asserts that the first notice of the trust fund penalty he received was in a Notice of Civil Penalty dated February 7, 2000.  (Pl.'s Br. 2; Ex. A to John Aff.)  In response to this Notice, Plaintiff's counsel sent two letters to the I.R.S., dated February 22, 2000 and April 17, 2000, inquiring into the penalty and arguing that the Stipulated Order discharged all of Plaintiff's personal liability.  (Ex. A to John Aff.; Ex. B to John Aff.)  The I.R.S. did not respond to these inquiries.  (John Aff. ¶¶ 6, 8.)

More than five years later, on May 10, 2005, the I.R.S. sent a demand letter seeking payment (Letter 3174).  (Gov't Ex. 101.1.)  On May 28, 2005, Plaintiff requested a collection due process ("CDP") hearing under 26 U.S.C. § 6330.  (Gov't Ex. 102.1.)  Prior to and during the hearing, held November 28, 2005, Plaintiff argued that his trust fund liability in connection with Paoli Restaurant, Inc. had been discharged in the prior bankruptcy proceedings. (Lee Decl. ¶¶ 5, 8, Apr. 4, 2007.)

Darryl Lee, who had not been involved previously in Plaintiff's case, conducted the CDP hearing.  (Id. ¶ 6.)  The Appeals Office issued a Decision Letter on July 7, 2006, concluding that the assessment and collection action were appropriate.  (Gov't Ex. 103.1.)  The Decision Letter included an examination of whether the bankruptcy court's Stipulated Order discharged Plaintiff's debt.  The Decision found that the bankruptcy payments were unrelated to Plaintiff's trust fund penalty.  (Id.)  Plaintiff challenges this determination, asserting jurisdiction under 26 U.S.C. § 6330.  (Compl. ¶¶ 3-4.)

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

A motion for summary judgment will be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed R. Civ. P. 56©.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Because a grant of summary judgment will deny a party its chance in court, all inferences must be drawn in the light most favorable to the party opposing the motion.  U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The ultimate question in determining whether a motion for summary judgment should be granted is "whether reasonable minds may differ as to the verdict."  Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 129 (3d Cir. 1998).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.

### III.  JURISDICTION

A taxpayer may challenge a CDP hearing determination in a federal district court under 26 U.S.C. § 6330(d)(1)(B), which provides jurisdiction to a district court "if the Tax Court does not have jurisdiction over the underlying tax liability." 26 U.S.C. § 6330(d)(1)(B).[1]  Here, the Court has jurisdiction because the Tax Court does not have jurisdiction over trust fund penalties assessed under 26 U.S.C. § 6672.  See Moore v. Comm'r, 114 T.C. 171, 175, 2000 WL 283865 (2000); STA Painting Co. v. I.R.S., No. 02-CV-7133, 2004 WL 257393, at *2 (E.D. Pa. Feb. 11, 2004) ("[S]ince the Tax Court does not have jurisdiction with respect to employment tax liability, the district court is the proper court in which to file a complaint contesting the assessment of employment taxes.").

The jurisdiction of this Court is, however, limited to those matters properly raised at the CDP hearing.  Cavanaugh v. United States, No. 03-250, 2004 WL 880442, at *4 (D.N.J. Mar. 23, 2004); 26 C.F.R. § 301.6330-1(f)(2)(A-F3) ("[T]he taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing.").   Plaintiff unquestionably raised the issue of whether his liability was discharged in the bankruptcy proceeding.  (Lee Decl. ¶ 5, Apr. 4, 2007.)  However, the Government argues that this issue was not properly considered at the CDP hearing, and therefore that this Court lacks jurisdiction.  (United States' Reply 2-3.)

---

1.    Congress amended 26 U.S.C. § 6330 on August 17, 2006.  Pension Protection Act of 2006, Pub. L. No. 109-280, § 855, 120 Stat 780, 1019.  Section 6330(d) now provides the Tax Court with jurisdiction over all challenges of CDP hearings.  Id.  The amended section 6330(d) is effective for challenges of CDP determinations made after October 15, 2006.  Id.  In this case, the CDP hearing determination was made July 7, 2006.  (Gov't Ex. 103.1.)  Therefore the prior version of section 6330(d) applies.

At a CDP hearing, a taxpayer may raise "(I) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives." 26 U.S.C. § 6330(c)(2)(A).  It is also proper at a CDP hearing for a taxpayer to dispute his underlying tax liability, but only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).  The Government argues that Plaintiff attempted to challenge his underlying tax liability at the CDP hearing in 2005, that he had received the statutory notice of his liability in December 1999, and therefore that Plaintiff's challenge at the CDP hearing was improper.  (United States' Reply 2-3).  Accordingly, the Government concludes, because the issue was not properly considered at the CDP hearing, this Court may not consider Plaintiff's challenge to his underlying liability.  Id.

The Court, however, is not persuaded by the Government's contention that Plaintiff's case constitutes a challenge to his underlying liability, nor is it convinced that Plaintiff received the statutory notice in December 1999.  The Third Circuit has not in any detail laid out what constitutes a challenge to a taxpayer's underlying liability within section 6330.  However, in Eby v. I.R.S., No. 2:05-CV-00539, 2006 WL 689068, at *5 (S.D. Ohio Mar. 16, 2006), an Ohio district court held that Plaintiff's argument that his debt had been discharged in bankruptcy proceedings did not constitute a challenge to his underlying liability.  The court reasoned that this was a "mistake[] of fact, rather than [a] direct challenge[] to Plaintiff's underlying tax liability." Id.  The court concluded that Plaintiff's argument "could be seen as [an] admission[] of the underlying liability, with Plaintiff asking the Appeals Officer simply to excuse liability." Id. Here, Plaintiff's argument is much the same.  He does not argue that he was not liable for the tax.

Instead, he argues that he was liable, but that the Government later released him from this liability and should therefore not impose a levy.  Plaintiff's argument is better understood as a challenge to the appropriateness of collection actions under 26 U.S.C. § 6330(c)(2)(A)(ii). Therefore, Plaintiff did not challenge his underlying liability, and his assertion that his debt had been discharged was properly considered at the CDP hearing.

Even if Plaintiff had challenged his underlying liability, the issue was properly considered because the Court is not convinced that Plaintiff received the statutory notice in December 1999.  The Government contends that it sent Plaintiff the proposed trust fund recovery assessment (Letter 1153), which was signed for by Plaintiff on December 11, 1999.  (United States' Reply 2 n.3.)  However, the Government can produce no documentation that this letter was received by Plaintiff.  (Id.)  Officer Lee has provided an affidavit stating that in the course of his investigation he observed this letter in Plaintiff's file, as well as its return receipt card signed by Plaintiff.  (Lee Decl. ¶¶ 5-6, May 9, 2007).  The Government, however, cannot now find this documentation.  Without any further proof, the Court concludes for the purposes here that Plaintiff did not receive the notice.  Therefore, Plaintiff could properly challenge his underlying liability at the CDP hearing.

## IV.  STANDARD OF REVIEW

Section 6330 is silent as to the standard of review a district court must apply when reviewing a CDP hearing determination, and the Third Circuit has not spoken on this issue.  STA Painting Co. v. IRS, No. 02-CV-7133, 2004 WL 257393, at *2 n. 4 (E.D. Pa. Feb. 11, 2004). The consensus among the district courts is, generally, that the proper standard of review of a CDP hearing is abuse of discretion. See AllGlass Systems, Inc. v. Comm'r, 330 F. Supp. 2d 540,

543 (E.D. Pa. 2004) ("[A]ll district courts which have construed this section . . . have concluded that abuse of discretion is the proper standard.").  However, the standard of review is de novo if a party properly challenges its underlying liability.  Garage v. United States, No. 04-1133, 2005 WL 3610064, at *3 (D.N.J. Nov. 22, 2005).  Because Plaintiff has not challenged his underlying liability here, as discussed at length above, this Court applies the abuse of discretion standard of review.[2]

Under the abuse of discretion standard, a court "'must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The court is not empowered to substitute its judgment for that of the agency.'" AllGlass Systems, Inc., 330 F. Supp. 2d at 544 (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971)).

## V.  APPLICATION OF THE ABUSE OF DISCRETION STANDARD

In applying the abuse of discretion standard, it is clear that the Government considered all the relevant factors and that there was no clear error of judgment.  Under 26 U.S.C. § 6330(b), a taxpayer is entitled to a hearing held by the I.R.S. Office of Appeals before "an officer or employee who has had no prior involvement with respect to the unpaid tax."

---

2.   Because the proper standard of review is abuse of discretion, "'the Court is limited,'" in its review of the Government's decision, "'to the administrative case history of the hearing.'"  Gardner v. United States, No. 04-2686, 2005 WL 1155728, at *2 (D.N.J. Apr. 5, 2005) (quoting Camp v. Pitts, 441 U.S. 138, 142 (1973)).  Plaintiff has not alleged that the administrative record is incomplete.  In his motion for continuance brought under Fed. R. Civ. P. 56(f), Plaintiff argues that it is premature for a motion for summary judgment because he has not had an opportunity for discovery.  (Pl.'s Mot. Continuance Pursuant to Fed R. Civ. P. 56(f), at 4.)  However, discovery beyond the administrative record is inappropriate here.  Therefore, Plaintiff's motion for continuance is denied.

Plaintiff's hearing before Officer Lee satisfied this requirement because Officer Lee had no prior involvement in Plaintiff's case.  (Lee Decl. ¶ 6, Apr. 4, 2007.)

The hearing officer must obtain verification from the I.R.S. that the requirements of any applicable law or administrative procedure have been met.  26 U.S.C. § 6330(c)(1).  Officer Lee obtained this verification.  (Lee Decl. ¶ 7, Apr. 4, 2007.)

Under 26 U.S.C. § 6330(c)(3), the hearing officer must also consider "any relevant issue" raised by the taxpayer under 26 U.S.C. § 6330(c)(2), "including . . . challenges to the appropriateness of collection actions . . . and . . . offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  Officer Lee appears to have reviewed all offers in compromise by Plaintiff.  (See Lee Decl. ¶¶ 4, 5 Apr. 4, 2007; Gov't Ex. 103.1.)  Furthermore, Plaintiff does not allege that Officer Lee failed to properly review his offers in compromise.

Officer Lee also considered Plaintiff's arguments that his debt had been discharged in bankruptcy, which, as discussed in Part III supra, amounted to a challenge to the appropriateness of collection actions.  The Court finds no abuse of discretion in Officer Lee's examination.  Officer Lee reviewed the history of the bankruptcy case, considered the merits of Plaintiff's contentions, and determined that the payment to the I.R.S., agreed on in the Stipulated Order, applied to taxes owed by Paoli Restaurant, Inc., and did not apply to the unpaid employment taxes owed by Plaintiff individually.  (Ex. 103.1.)  The Court will not replace the agency's determination with its own.

Finally, under 26 U.S.C. § 6330(c)(3), the hearing officer must consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action may be no more intrusive than necessary." Officer Lee met this obligation. Officer Lee determined that Plaintiff had sufficient equity to pay the taxes and that imposing a levy was the "most efficient method of collection remaining." (Ex. 103.1.)

## VI.  CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgement and denies Plaintiff's Motion for Continuance. An Order consistent with this Memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWARD SULLIVAN,            :        CIVIL ACTION

                   :

             Plaintiff,     :        NO.  06-05535

                   :

             v.             :

                   :

UNITED STATES OF AMERICA,    :

                   :

             Defendant.    :

## ORDER

     **AND NOW**, this 26th day of September, 2007, upon consideration of Defendant's Motion for Summary Judgment (Docket No. 9), Plaintiff's Brief in Opposition (Docket No. 10), and Defendant's Reply thereto (Docket No. 14), it is hereby **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.  Judgment is entered in favor of Defendant United States of America and against Plaintiff Edward Sullivan.

     It is further **ORDERED** that, upon consideration of Plaintiff's Motion for Continuance (Docket No. 11) and Defendant's Opposition to Plaintiff's Motion to Continue (Docket No. 15), Plaintiff's Motion for continuance is **DENIED**.

     This case is **CLOSED**.


BY THE COURT:


*s/ Ronald L. Buckwalter, S. J.*

RONALD L. BUCKWALTER, S.J.